1  Fred W. Schwinn (SBN 225575)
2  Raeon R. Roulston (SBN 255622)
   CONSUMER LAW CENTER, INC.
3  12 South First Street, Suite 1014
   San Jose, California 95113-2418
4  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
5  Email Address: fred.schwinn@sjconsumerlaw.com

6  Attorneys for Plaintiff
   RONNIE KWONG
7

8          IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                    SAN JOSE DIVISION

10  RONNIE KWONG,                    Case No. CV 13-03479 HRL
11
                    Plaintiff,       COMPLAINT
12
        v.                           DEMAND FOR JURY TRIAL
13
    BLEIER & COX, A PROFESSIONAL     15 United States Code § 1692 et seq.
14  CORPORATION, a California corporation;  California Civil Code § 1788 et seq.
    and RICHARD EVANS GOLDEN,
15  individually and in his official capacity,
16
                    Defendants.
17

18      Plaintiff, RONNIE KWONG, based on information and belief and investigation of counsel,

19  except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on

20  personal knowledge), hereby makes the following allegations:

21                          I.  INTRODUCTION

22      1.   This is an action for actual damages, statutory damages, attorney fees and costs

23  brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act,

24  15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

25  California Civil Code § 1788, et seq. (hereinafter "RFDCPA") which prohibit debt collectors from

26  engaging in abusive, deceptive and unfair practices.

27  ///

- 1 -
COMPLAINT

2.   According to 15 U.S.C. § 1692:

     a.   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

     b.   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

     c.   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

     d.   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

     e.   It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.   The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and

---

[1] Cal. Civil Code § 1788.1(a)(1).

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

     5.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

     6.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

     7.    This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

     8.    Plaintiff, RONNIE KWONG (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

     9.    Defendant, BLEIER & COX, A PROFESSIONAL CORPORATION, (hereinafter "B&C"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 16130 Ventura Boulevard, Suite 620, Encino, California 91436. B&C may be served as follows: Bleier & Cox, APC, c/o Elizabeth A. Bleier, Agent for Service of Process, 16130 Ventura Boulevard, Suite 620, Encino, California 91436. The principal business of

B&C is the collection of debts using the mails and telephone and B&C regularly attempts to collect debts alleged to be due another.  B&C is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10.     Defendant, RICHARD E. GOLDEN (hereinafter "GOLDEN"), is a natural person and licensed attorney in the state of California and is or was an employee and/or agent of B&C at all relevant times.  GOLDEN may be served at his current business address at:  Richard E. Golden, Bleier & Cox, APC, 16130 Ventura Boulevard Suite 620, Encino, California 91436.  The principal purpose of GOLDEN's business is the collection consumer debts due or alleged to be due another.  GOLDEN is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. GOLDEN is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.     At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

12.     On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Discover Bank (hereinafter "the debt").  The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13.     Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on

1  a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for

2  collection from Plaintiff.

3            14.    On or about October 4, 2012, Defendants filed a lawsuit against Plaintiff in the

4  Superior Court of California, Santa Clara County captioned *Discover Bank v. Ronnie Kwong, et al.*,

5  Case No. 1-12-CV-233515 (hereinafter the "*Discover Bank v. Kwong* complaint"), which sought to

6

7  collect $14,753.48 in damages.

8            15.    A true and accurate copy of the *Discover Bank v. Kwong* complaint is attached

9  hereto, marked Exhibit "1," and by this reference is incorporated herein.

10            16.    The *Discover Bank v. Kwong* complaint (Exhibit "1") stated as follows:

11

12      Plaintiff and defendants, and each of them, entered into a written credit card cardholder
    agreement. . . Defendants, and each of them, did breach the aforementioned cardholder

13      agreement on or about March 31, 2010 by failing to comply with [the] terms and
    conditions of said agreement.

14            17.    As a result of the *Discover Bank v. Kwong* complaint (Exhibit "1"), Plaintiff was

15

16  required to retain legal counsel at his own expense thereby incurring actual damages in the form of

17  attorney fees and costs.[2]

18            18.    Discover Bank is a national banking association with its principal offices located

19  at: 502 East Market Street, Greenwood, Delaware 19950.

20

21            19.    The Cardholder Agreement between Plaintiff and Discover Bank states in relevant

22  part as follows:

23      **Governing Law: This Agreement and any claim or dispute arising out of this**
    **Agreement will be governed by applicable federal law and, to the extent state law**

24      **applies, Delaware law.**

25

26  [2]  See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred
defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1),

27  and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS
8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court

28  action as actual damages under 15 U.S.C. § 1692k).

20.    The Delaware statute of limitations to recover on a debt or promise is three years from the date of breach.[3]  See, 10 Del. Code § 8106.

21.    Plaintiff is informed and believes, and thereon alleges that the last charge made on the subject Discover Bank account was made by Plaintiff on July 28, 2009.

22.    Plaintiff is informed and believes, and thereon alleges that the last payment on the debt was received by Discover Bank on August 7, 2009.

23.    Discover Bank's claims against Plaintiff accrued more than three years prior to the filing of the *Discover Bank v. Kwong* complaint (Exhibit "1").  "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt."[4]

24.    The *Discover Bank v. Kwong* complaint (Exhibit "1") misrepresented the character, amount and legal status of the debt.

25.    Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

26.    Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

27.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

---

[3]  *Resurgence Financial, LLC v. Chambers*, 173 Cal. App. 4th Supp. 1, 4 (Cal. Super. Ct. 2009) ("Under Delaware law, the statute of limitations for breach of contract is three years.").
[4]  *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)).

28.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

29.     Defendant, B&C, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30.     Defendant, GOLDEN, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

31.     The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

32.     Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

        a.     Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

        b.     Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

        c.     Defendants attempted to collect a debt that was known by Defendants to be barred by the applicable statute of limitations, in violation of 15 U.S.C. § 1692f.

33.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

34.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

35.     Plaintiff brings the second claim for relief against Defendant, B&C, under the

Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

36.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

37.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

38.     Defendant, B&C, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

39.     The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

40.     Defendant, B&C, has violated the RFDCPA.  The violations include, but are not limited to, the following:

a.     B&C made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[5]

b.     B&C misrepresented the character, amount or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[6] and

c.     B&C attempted to collect a consumer debt that was known by B&C to be barred by the applicable statute of limitations, in violation of Cal. Civil Code § 1788.17.[7]

41.     Defendant, B&C's, acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

42.     As a result of B&C's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

[5] 15 U.S.C. §§ 1692e and 1692e(10).
[6] 15 U.S.C. § 1692(2)(A).
[7] 15 U.S.C. §§ 1692f.

43.    As a result of B&C's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

44.    As a result of B&C's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[8]

45.    As a result of B&C's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[9]

46.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f;

c)  Declare that Defendant, B&C, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d)  Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e)  Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

---

[8]  15 U.S.C.§ 1692k(a)(2)(A).
[9]  15 U.S.C.§ 1692k(a)(3).

f)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g)  Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to Cal. Civil Code § 1788.17;[10]

h)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[11] and 1788.30(c);

i)  Award Plaintiff such other and further relief as may be just and proper.


CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
RONNIE KWONG

---

[10]  15 U.S.C. § 1692k(a)(2)(A).
[11]  15 U.S.C. § 1692k(a)(3).

1

<u>**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**</u>

2

     Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

3

parties, there is no such interest to report.

4

5

                            /s/ Fred W. Schwinn
                            Fred W. Schwinn, Esq.

6

7

<u>**DEMAND FOR JURY TRIAL**</u>

8

     PLEASE TAKE NOTICE that Plaintiff, RONNIE KWONG, hereby demands a trial by jury of

9

all triable issues of fact in the above-captioned case.

10

11

                            /s/ Fred W. Schwinn

12

                            Fred W. Schwinn, Esq.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
 1   ELIZABETH A. BLEIER ESQ., BAR # 81470
     RICHARD E. GOLDEN, ESQ., BAR # 102079
 2   LAURA M. D'ANNA, ESQ., BAR #266113
     BLEIER & COX, APC
 3   16130 Ventura Boulevard, Suite 620
     Encino, CA  91436-2568
 4
     (866) 784-8084
 5
     Attorneys for Plaintiff
 6
 7
 8              IN THE SUPERIOR COURT OF CALIFORNIA
 9         COUNTY OF SANTA CLARA, SANTA CLARA FACILITY LTD. CIV. CASE
10
11   DISCOVER BANK ,          )    CASE NO. 1 1 2 C V 2 3 3 5 1 5
                              )
12             Plaintiff,     )    COMPLAINT FOR MONEY:
                              )    BREACH OF CARDHOLDER
13        vs.                 )    AGREEMENT
                              )
14                            )
     RONNIE KWONG ,  ,        )    DEMAND
15   and DOES 1 through       )    $14,753.48
     5,Inclusive.             )
16                            )    LIMITED CASE
               Defendants.    )
17   _____)
18
19   Plaintiff alleges:
20        1.   Plaintiff is a valid and existing corporation and duly
21   authorized and qualified to do business and doing business in the
22   State of California.
23        2.   The true names and capacities, of defendants named
24   herein as DOES 1 through 5, inclusive, are unknown to plaintiff, who
25   therefore sues said defendants by such fictitious names, and plaintiff
26                                 1
27   _____
                         COMPLAINT FOR MONEY
28   12-03969-0/3650-85/COM
```

ENDORSED
FILED

OCT -4 2012

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____ Duarte
          Deputy Clerk

EXHIBIT
1

1  will amend this complaint to show their true names and capacities when

2  the same have been ascertained.

3          3.    That at all times herein mentioned each defendant was

4  the agent, employee and/or husband or wife of each of the remaining

5  defendants, and was at all times acting within the course and scope of

6  such agency and/or employment and with the consent, knowledge and

7  permission of each of their co-defendants, and the hereinafter set

8  forth obligation(s) were community debts.

9          4.    The within action is subject to the provisions of

10  Section 395(b) of the California Code of Civil Procedure, and not

11  subject to the provisions of Section 1812.10 or 2984.4 of the

12  California Civil Code.

13          5.    The defendants, and each of them, are residents of,

14  and/or the contract was entered into in this judicial district, and/or

15  the contract was to be performed in this judicial district and,

16  therefore, this is the proper Court for trial in this action.

17          6.    Plaintiff and defendants, and each of them, entered

18  into a written credit card cardholder agreement.  By the terms of said

19  agreement said defendants promised to pay plaintiff for all purchases

20  and/or cash advance drafts procured by the use of the card bearing

21  said defendants' name and account number XXXXXXXXXXXX0640, including

22  finance charges on the "average daily balance".

23          7.    Defendants, and each of them, did breach the

24  aforementioned cardholder agreement on or about March 31, 2010 by

25  failing to comply with terms and conditions of said agreement,

26

27                                    2

28  12-03969-0/3650-85/COM

COMPLAINT FOR MONEY

1  including, but not limited to paying the amounts due.

2      8.   Plaintiff has duly performed all acts necessary on its

3  part to be performed under the terms of said agreement.

4      9.   Neither defendants nor anyone else on their behalf have

5  reported the credit card lost or stolen.

6      10.  That although demand has been made, there is now due,

7  owing and unpaid from defendants, and each of them, the principal sum

8  of $14,753.48, or such higher amount as may be shown according to

9  proof at time of trial.

10     11.  Said agreement provides, among other things, that if

11 plaintiff employs an attorney to enforce said agreement, defendants

12 promise to pay any court costs incurred.

13

14     WHEREFORE, plaintiff prays judgment against defendants, and

15 each of them, as follows:

16     1.   For damages in the sum of $14,753.48, or such higher

17 amount as may be shown according to proof at time of trial;

18     2.   For costs of suit herein incurred; and

19     3.   For such other and further relief as the

20 court may deem just and proper.

21

22                              BLEIER & COX, APC

23

24 DATED: August 7, 2012      By:_____
                                
25                              Attorneys for Plaintiff

26

27                              3

28
12-03969-0/3650-85/COM